```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEBRASKA
```

| | | |
|---|---|---|
| GREGORY B. ADAMS SR., | ) | |
| | ) | |
| Plaintiff, | ) | 4:05CV3067 |
| | ) | |
| v. | ) | |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

Defendant, the Social Security Administration, has filed a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Filing 15. The defendant argues:

> To the extent that Plaintiff is seeking to reopen either the 2003 decision granting him benefits, or a prior 1998 decision, the district court is without jurisdiction to review a decision by the Commissioner not to reopen. To the extent that Plaintiff is seeking payment of benefits for a period four years prior to the date of his application, he has failed to state a claim upon which relief may be granted. . . .

Filing 15 (motion to dismiss) at p.1. The plaintiff has not responded to the motion. The motion is now ripe for determination.

The plaintiff's complaint was filed on March 14, 2005. Liberally interpreting the plaintiff's pro se complaint, the plaintiff is appealing a 2003 decision of the Social Security Administration which awarded him benefits dating back to 2001. The plaintiff alleges he began filing for social security benefits in 1994, and in 1998, a federal appeals judge ordered

that if the plaintiff was awarded social security, he would receive payments dating back to 1994 or seven years prior to receiving an award.  He claims the 2003 social security decision granted him only three years rather than seven years of back pay.  He therefore seeks recovery of four years of unpaid social security benefits.

It appears the plaintiff is appealing the 2003 decision, and specifically the disability onset date determined under that ruling.  The plaintiff has not alleged that the Commissioner unreasonably or unlawfully failed or refused to grant an extension of time for filing this appeal, and even had such an allegation been made, the plaintiff could not obtain relief in this court.  The federal court lacks subject matter jurisdiction to review the Commissioner's decision to refuse granting an extension of time to file an appeal.  See Boock v. Shalala, 48 F.3d 348, 351 (8th Cir. 1995); Turner v. Bowen, 862 F.2d 708, 709-10 (8th Cir. 1988); Smith v. Heckler, 761 F.2d 516, 519 (8th Cir. 1985).

The plaintiff is appealing a 2003 social security decision.  42 U.S.C. § 405(g), provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g)(emphasis added).  The sixty-day requirement of § 405(g) is not jurisdictional, but rather constitutes a period of limitations.  Bowen v. City of New York, 476 U.S. 467, 478

(1986)(citing <u>Mathews v. Eldridge</u>, 424 U.S. 319, 328, n. 9 (1976); <u>Weinberger v. Salfi</u>, 422 U.S. 749, 764 (1975)).

Since the statute of limitations is an affirmative defense, (see Fed. R. Civ. P. 8(c)), the plaintiff need not plead or prove compliance with the sixty-day requirement.  However, when it appears from the face of the complaint that the limitations period has run, a limitations defense may properly be asserted through a 12(b)(6) motion to dismiss.  <u>Varner v. Peterson Farms</u>, 371 F.3d 1011, 1016 (8th Cir. 2004)(citing <u>Wycoff v. Menke</u>, 773 F.2d 983, 984-85 (8th Cir. 1985).

Based on the allegations of Adams' complaint, he seeks appellate review of a social security decision entered in 2003.  His complaint was not filed until March 14, 2005.  It is clear from the face of Adams' complaint that more than sixty days passed between the issuance of the 2003 social security decision and the filing of a complaint for judicial review.  Adams has therefore failed to state a claim upon which relief may be granted.  The defendant's Rule 12(b)(6) motion to dismiss must be granted.

   IT THEREFORE HEREBY IS ORDERED:

   1.   The defendant's motion to dismiss, filing 15, is granted; and

   2.   Judgment shall be entered by separate document.

   DATED this 16th day of February, 2006.

                              BY THE COURT:

                              s/ *David L. Piester*
                              David L. Piester
                              United States Magistrate Judge